Case: 1:25-cv-03967
Assigned To : Unassigned
Assign. Date : 11/10/2025
Description: Pro Se Gen. Civil (F-DECK)

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Case #_____

**In Reason: Docketing of Complaint : as according rule 7b1 of the Federal Rules of Civil Procedure**

**Independent Regulatory Agent: Eric Emanuel Taylor, All The People Of The Venue Of The Domestic United States, And The venue of the Domestic United States: Plaintiffs**

**Versus**

**The People Of The Venue Of The Foreign United States of America: Defendants**

**Rule 7 OF THE FEDERAL RULES OF CIVIL PROCEDURE SPECIFICATION: 7b1: Motion for Court Order of**
## COMPLAINT

**JURISDICTIONAL STATEMENT: 28 U.S.C. §1330: "(a):** The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement; and 28 U.S.C. §1345.

**SUBSTANTIVE DUE PROCESS:**
RULE 4k1c, 4n1, 27c, 23.1, 60b4 OF FEDERAL RULES OF CIVIL PROCEDURE

**FEDERAL QUESTION AS APPERTAINING THE PRACTICALITY THUS ABOUT BY 28 U.S.C. §1331:**
Whether or not the Federal government of the venue of the Domestic United States of America having viability of manifesting an hearing concerning the due process of the agenda of 28 U.S.C. §1603a1-b3 during civil action filing 1:20-mc-00001-UNA, versus a never having of cast a vote in any election, venue of the Domestic United States citizen's claim of pecuniary interest about such government's perpetration of tort, and such Federal government still be consider of not being such exertion of such commercial activity of such Foreign States' conducting such hearing of due process of

1

RECEIVED

NOV 1 0 2025

Clerk, U.S. District and
Bankruptcy Courts

the agenda of 28 U.S.C. §1603a1-b3, when the legal ground for the manifestation of the Federal government's appointment of conducting such hearing of due process of the regard of the agenda of 28 U.S.C. §1603a1-b3, being by consent of such Federal government's personification of being such Foreign States' officers ability thus of existence, so for such Federal government's evidencing such filer of claim of relief from tort injury claim thus about such tort perpetration, can of annul the federal government's ability of assessment that such filer of such civil action failed to State a claim upon which relief could of been so granted; and when the agenda of 5 U.S.C. §3332's specification of the interest of the Sovereignty of the people of the venue of the United States' collective consent of our inability of conducting an Agency Proceeding which issuing an dismissal with prejudice order versus the Federal government's appointment of manifestation of due process of the venue of the United States' regard of the agenda of the 11th amendment of the Constitution of the United States' viabilty of deeming the Federal government never been nor being a participant of such due process which resultant the practical function of 28 U.S.C. §1603a1-b3, being contingent upon such never having of cast a vote in any election, venue of the United States citizen's pronouncement of Summary and Default Judgement on behalf of the collective candidacy and civiliancy of the Federal government of the venue of the United States, pursuant 9th amendment of the Constitution of the United States' entitlement thus of, as personifying practical by 5 U.S.C. §3103, and its congruous appertaining of both 28 U.S.C. §1330, and 42 U.S.C. §1983, versus the Federal government's having the ability of being immune from having of pay the pecuniary penalties sustain by any officer of the Federal government's appointment of having of establishing their personification of being a participant of such Foreign States' venue?

**STATEMENT OF CASE OF COMPLAINT:** As personifying practical by the procedural process that being 28 U.S.C. §1330a statement that, "(a): the district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title, as to any claim for relief in personam, with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title, or under any applicable international agreement ", does the People of the venue of the United States, having original and exclusive jurisdiction of settlement of the Practicality of due process of law which due of being in favor of the existence of the venue of the Domestic United States' ability of rendering judgement in favor of the venue of the United States, versus all controversies between itself and a Foreign State's Sovereignty of abrogating the existence of the Sovereignty of the venue of the Domestic United States from territory belonging the venue of the United States, when the commercial activity of such Foreign State not having validity of immunity from liability of disposing of the existence of the venue of the United States from territory belonging the venue of the United States,

2

because of such exertion of commercial activity of such Foreign power, being by employees of the venue of the United States, in favor of evidencing insubordination of such employees' of the venue of the United States' duty of not being a participant of the duty of such people of such Foreign State; as would such people of such Foreign State having original and exclusive jurisdiction of rendering judgement of the practicality of such Foreign State's law in favor of such People of the venue of such Foreign States, versus all controversies between itself and the people of the venue of the Domestic United States.

**And** thus because, 42 U.S.C. §1983 being the means which a never having of cast a vote in any election, venue of the Domestic United States citizen having for legally Personifying the difference which existent between the functionality of the people of the venue of the Domestic United States, than the functionality of such people of such a Foreign State within meaning of 28 U.S.C. §1603a1-b3's explanation of the existence of such a Foreign State, as such evidencing of such difference between fuctionality of venue's being evidence by 28 U.S.C. §1652's statement that, "the laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply", and the fact of matter that the United States District Court for the District of Columbia having of being the exertion of the due process of such a Foreign State's viability of abrogating the legality of a never having of cast a vote in any election, venue of the United States citizen's entitlement of not being a citizen nor subject of such Foreign State's jurisdiction; as such difference between venue being of spoken of by fact of matter of 28 U.S.C. §1390a statement that, "as used in this chapter, the term "venue" refers to the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts in general, and does not refer to any grant or restriction of subject-matter jurisdiction providing for a civil action to be adjudicated only by the district court for a particular district or districts", and its congruous appertaining of the agenda of 28 U.S.C. §1603a1-b3, being which evidence the agenda of 5 U.S.C. §3331's allowance of Congress to discharge themselves from constituting a tribunal which being a court of the venue of the United States, as of being a perpetration of tort of trespass on land, whenever an officer of the venue of the United States evidence themselves of being the manifestation of being an recipient of the entitlement of a court hearing which sustain the commercial activity of a Foreign State ability of being versus an United States citizen's entitlement of not being a citizen of such Foreign State. And thus because, as personifying practical by 5 U.S.C. 3103 statement that, "an individual may be employed in the civil service in an Executive department at the seat of Government only for services actually rendered in connection with and for the purposes of the appropriation from which he is paid; an individual who violates this section shall be removed from the service", entitling myself, of the relief

3

from the injury which such tort of trespass on land having of sustaining itself existent by various officers of the venue of the Domestic United States evidencing themselves of having so perpetrating the criminal offense of 18 U.S.C. §1956a1Ai, as a result of every Domestic United States judge's and Justice's practical function of acceptance of oath of office which being 28 U.S.C. §453's Practicality of establishing each United States judge and justice of being an interpleader of being officers of both the venue of the United State and the venue of such a Foreign State during every filing of civil action, versus the people of the venue of the United States' entitlement of not being a participant of a Foreign State's viability of abrogating the existence of the Sovereignty of the People of the venue of the Domestic United States from territory belonging the venue of the Domestic United States.

And so would the Federal government of the venue of the Domestic United States, being liable for allowing me of the utilization of rule 23.1 of the Federal Rules of Civil Procedure's applicability of 5 U.S.C. §3103's viabilty of affording me of being the pronouncer of Summary and Default Judgement on behalf of the collective candidacy and civiliancy of the venue of the United States' conducting the hearing of the venue of the Domestic United States' regard of issuance of due process, about the collective people's of the venue of the United States' affording such theoretical people of such Foreign State District, such trial of tort perpetration which being such people of such Foreign State's trespass on land; thus for providing a never having of cast a vote in any election, venue of the United States citizen, his entitlement of successfully prosecuting such civil action filing's viabilty of allowance of indubitable remedy versus such injury sustain by such perpetration of tort of trespass on land, which such officers of the Federal government having of perpectuating by continuity of omitting themselves from being officers of the venue of the Domestic United States, by purpose of 28 U.S.C. §1354's ability of allowing of such sustaining of the agenda of 28 U.S.C. §1603a1-b3 versus such never having of cast a vote in any election, venue of the United States citizen's protection of 9th amendment of the Constitution of the United States' entitlement of such civilian's choice of not being a citizen nor subject of such Foreign States' jurisdiction; as personifying practical by 18 U.S.C. §1956b1A statement that, "whoever conducts or attempts to conduct a transaction described in subsection (a)(1) of this section, is liable to the United States for a civil penalty of not more than the greater of—(A): the value of the property involved in the transaction", and its congruous appertaining about 42 U.S.C. §1983 statement that, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in

4

such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable", and both of its congruous appertaining about 28 U.S.C. §2674 statement that, "the United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages".

And so, as personifying practical by rule 60b4 statement that, "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (4) the judgment is void"", being myself and the other persons of the venue of the Domestic United States collectively entitle of relief from the Sovereignty of Foreign State District of Columbia's judgement of issuance of an dismissal with prejudice order versus the Sovereignty of the venue of the United States; as the statement of Article IV/section 3/sentence 2's specification of unlawfulness of the issuance of a dismissal with prejudice order within the territory belonging the venue of the United States (see judgement of civil action filing 1:20-mc-00001-UNA), being which evidence the voidness of a judgement of dismissal with prejudice.

And so, I hereby assert by ability of proof, as personifying practical by 18 U S.C. §1956b1A's specification thus about such civil liability of trespass on land, that, all the elements of the perpetration of the tort of a trespass on land having so being so proven, thus by the judgement of civil action filing 1:20-mc-00001-UNA, exertion of the Practicality of the issuance of a dismissal with prejudice order, and the Denial of Certiorari #20-122 in the Supreme Court of the Domestic United States which being appellate process concerning civil action 1:20-mc-00001-UNA, where the docket fee been mandatory for my viabilty of such process of such appeal, evidencing the civil aspect of 18 U.S.C. §1956a1Ai statement that, " (1): whoever, knowing that the property involved in a financial transaction, represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—(A)(i): with the intent to promote the carrying on of specified unlawful activity, shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater""; as the initial assessment of establishment of caption of civil action filing 1:20-mc-00001-UNA, which the initial establishment of caption of civil action filing 1:20-mc-00001-UNA read Eric Emanuel Taylor Plaintiff not versus Presient Donald Trump Proponent, thus because of, evidencing element #1 of a tort of trespass on land, which being the legality of the venue of the Domestic United States' ownership of Agency Proceeding thus of the Courts of the venue of the Domestic United States' inability of the issuance of such dismisssl with prejudice order by judgement of civil action filing 1:20-mc-00001-UNA; as the inconsistency of the ownership between the venue of the Domestic United States of

America and the venue of the United Foreign States of America, deem existent by 28 U.S.C. §1354 statement that "the district courts shall have original jurisdiction of actions between citizens of the same state claiming lands under grants from different states", evidencing the fact of matter of the people of Foreign State District of Columbia's intent of fulfillment of performance of the act that amounts to the intrusion of Land known of being the Federal territory known of being the District of Columbia, despite such people of the United Foreign States otherwise being citizens of the venue of the Domestic United States, which such intent of intrusion being element #2 of a tort of trespass on land; as element #2's congruous appertaining of the issuance of the dismissal with prejudice order by such people of Foreign State District of Columbia being the physical entry on land which the people of the venue of the Domestic United States own, which prove element #3 of a tort of trespass on land; as the perpetration of element #3's congruous appertaining of the fact of matter of non compliance of the agenda of 5 U.S.C. §3332's viability of disclaimer of being a participant of such Foreign State's power 10/05/2020 during certiorari #20-122, by the people of Foreign State District of Columbia, evidencing the lack of the people of the venue of the United States' consent or authorization of such people's of Foreign State District of Columbia entry in the Supreme Court of the venue of the Domestic United States for denial of certiorari #20-122, which being element #4 of a tort of trrspass on land; as element #4's congruous appertaining of the utilization of the $300 docket for process of certiorari #20-122, being of use for the purpose of process of the due process of denial of certiorari #20-122, evidencing the fact of matter of civil injury sustain versus the legal entitlement of the people of the venue of the United States 11th amendment of the Constitution of the Domestic United States entitlement, which being element #5 of a tort of trespass on land; and all such elements hereof spoken of, evidence such proving of the legality of such payment of compensatory relief about the liability resultant by specification of 18 U.S.C. §1956b1A and 28 U.S.C. § 2674 statement thus of, thus by such dismissal with prejudice order which issue during civil action filing 1:20-mc-00001-UNA, having of been of issue versus my entitlement of 9th amendment of the Constitution of the Domestic United States protection, and versus the venue of the United States' entitlement of 11th amendment of the Constitution of the United States entitlement of not being the issuer of the due process of such venue of such Foreign State.

And thus because, do I seek relief from such injury sustain by such offices of the venue of the Domestic United States' utilization of the judicial power of the United States, for being of deem an vessel of a Foreign State's viability of abrogating the existence of the venue of the Domestic United States, by (1): alleging that the plaintiff was a member of the venue of the Domestic United States of America at the time of the transaction complained of, (2) alleging that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and I state with particularity, the fact of

matter that this complaint, being the effort by the plaintiff for obtaining the desired action of the people of the venue of the Domestic United States ability of issuance of Summary and Default Judgement, and I State with particularity, (B) the reason why such desired action Summary and Default Judgement not having probability of being obtain, would of being such current in office officers' of the venue of the Domestic United States chose of manifesting their perpetration of treason, versus the practical function of 5 U.S.C. §3332.

  **RELIEF SOUGHT:** 28 U.S.C. §2674's statement that, "with respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled", evidencing the fact of matter that such statement thus of, withstanding the agenda of 5 U.S.C. §3103's statement that, " an individual may be employed in the civil service in an Executive department at the seat of Government, only for services actually rendered in connection with and for the purposes of the appropriation from which he is paid"; as such proofing of such withstanding being so evident by 5 U.S.C. §3332 stating that, "an officer, within 30 days after the effective date of his appointment, shall file with the oath of office required by section 3331 of this title, an affidavit that neither he nor anyone acting in his behalf has given, transferred, promised, or paid any consideration for or in the expectation or hope of receiving assistance in securing the appointment"; as such proofing of such withstanding being  as for establiahment of such never having of cast a vote in any election, venue of the United States citizen's being the ability of sustaining the defense of Summary and Default Judgement, which the people of the venue of the Domestic United States having by such never having of cast a vote in any election, venue of the United States citizen's entitlement of not being a participant, citizen nor subject of such Foreign State's exertion of trespass on land; as such entitlement belonging for our sustaining of our unifying of association versus the liability which resultant the Federal government's failure of sustaining its pronouncement of Summary and Default Judgement versus, the Federal government's failure of issuance of relief from tort injury; which the people of the venue of the Domestic United States having as an ability of preventing ourselves from pleading on behalf of being such Foreign State's exertion of dismissing with prejudice, of our association's which being the people's of the venue of the Domestic United States, entitlement of relief of not being participants of such Foreign State's exertion of due process of abrogating the existence of the people of the venue of the Domestic United States; and thus, such relief sought by this complaint, being, that the United States District Court for the District of Columbia, accept my privilege of being the pronouncement of Summary and Default Judgement, and pronunciation of award of monetary compensation, as personifying practical by rule 4k1c of the Federal Rules of Civil Procedure statement that, "serving a summons

7

establishes personal jurisdiction over a defendant: (C) when authorized by a federal statute", and rule 4k2a and b of the Federal Rules of Civil Procedure statement that, "for a claim that arises under federal law, serving a summons establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws", and rule 4n1 of the Federal Rules of Civil Procedure statement that, " the court may assert jurisdiction over property if authorized by a federal statute; notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule"; and as Personifying practical by section 4 of the 14th amendment of the Constitution of the venue of the Domestic United States statement that, "the validity of the public debt of the United States, authorized by law, including debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion, shall not be questioned; but neither the United States nor any State shall assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave; but all such debts, obligations and claims shall be held illegal and void".

**MOTION FOR DEFAULT AND SUMMARY JUDGEMENT:** The people of the venue of the Domestic United States hereby collectively motion this Court, for Default and Summary Judgement, during this civil action filing, as by substantial due process which being rule 60b4's, 55d's and 56's of the Federal Rules of Civil Procedure congruous appertaining of rule 23.1 of the Federal Rules of Civil Procedure statement that, " this rule applies when one or more members of an unincorporated association bring a derivative action to enforce a right that the association may properly assert, but has failed to enforce"; as so for such association which being the people of the venue of the United Foreign States of America, not having viability of being such same unincorporated association as being the unincorporated association which issue the people's of the venue of the Domestic United States' manifestation of never having of been nor being the persons who being citizens of the venue of the United Foreign States of America; as such difference of associations being so deem existent by the procedural process that being 28 U.S.C. §1354 statement that " the district courts shall have original jurisdiction of actions between citizens of the same state claiming lands under grants from different states"; as such granting and pronouncement of Default and Summary Judgement's practicality of exculpating the liability of the citizens of the venue of the Domestic United States, whom claim the properties that being the United States District Court for the District of Columbia, and the Supreme Court of the venue of the Domestic United States of America, for being vessels for the manifestation of the existence of such courts ability of not being courts otherwise than the courts of the venue of the United Foreign States of America, could so being of delivered from ever been the territorial disputants which 28 U.S.C. §1354 deeming existence about such

8

claim of the same property by grant from an different State; as such difference of State being so deem existent by functionality of 28 U.S.C. §1343b1 and b2 statement that, "b1): for purpose of this section, the District of Columbia shall be considered a State; and b2): any Act of Congress applicable exclusively to the District of Columbia shall be considered a statute of the District of Columbia', and its congruous appertaining of 28 U.S.C. §1652 statement that, " the laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply", evidecing the difference between federal State District of Columbia, and Foreign State District of Columbia; as such exculpation of such liability personifying practical by 28 U S.C.§1330 and its congruous appertaining with 28 U.S.C. §1605a. The Plaintiff hereby show that the specific pronouncer of Summary and Default Judgement, which being independent regulatory agent Eric Emanuel Taylor s.s.n. xxx-xx-4343, prove our ability of never being a disputant versus any material fact of this civil action, and the movants is entitled to judgment as a matter of law. The collective Plaintiffship rely on the affidavits which require of been so file by agenda of 5 U.S.C. §3332, as for purpose of justification of the legality of Independent regulatory agent Eric Emanuel Taylor ability of personal Jurisdiction over such defendants, as personifying practical by rule 23.1 of the Federal Rules of Civil Procedure statement that " the derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of member who are similarly situated in enforcing the right of the association"; and its congruous appertaining of 28 U.S.C. §1354's specification of the inability of the participants of the agenda of 28 U.S.C. §1603a1-b3, of being adequate representation of a never having of cast a vote in any election, venue of the Domestic United States citizen's entitlement of not having ever been a participant of Foreign State District of Columbia's trespass, as personifying practical by 5 U.S.C. §3103's specification of the participants' of the agenda of 28 U.S.C. §1603a1-b3, inability of having the ability of representing the members similarly situated in enforcing the right of the association of the venue of the Domestic United States of America, whom not participants of the agenda of 28 U.S.C. §1603a1-b3. These motion appertaining rule 56c1B statement that "a party asserting that a fact cannot be genuinely disputed must support the assertion by: (B) showing that an adverse party cannot produce admissible evidence to support the fact of Plaintiffship, nor produce admissible evidence to negate the fact of issuance of relief from tort injury.

### AFFIDAVIT OF PROOF OF SERVICE :

I hereby assert that I sent a copy of this complaint and Summons, to the collective aggregate of defendants of this civil action filing, at 333 Constitution Ave NW, Washington DC 20001, as personifying practical by rule 4h1B of the Federal Rules of Civil Procedure. I declare, certify, verify and state, versus penalty of perjury under the

laws of the venue of the Domestic United States of America, that the forgoing is true and correct. Executed on 10/08/2025

Eric Taylor